IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

05 JUN 15 AM 10: 44

| | | |
|---|---|---|
| **MIAMI UNIVERSITY,** | : | Case No. C-1-02-424 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| vs. | : | **AGREED ENTRY GRANTING** |
| | : | **PLAINTIFF'S MOTION FOR RELIEF** |
| **DUBOIS BOOK STORE, INC.,** | : | **FROM JUDGMENT AND ENTERING** |
| | : | **PERMANENT INJUNCTION AND** |
| Defendant. | : | **JUDGMENT** |

Now come Plaintiff, Miami University ("Miami University") and Defendant, J. H. DuBois Book Store, Inc., incorrectly named in the above matter as DuBois Book Store, Inc. (hereinafter "DuBois"), by and through counsel, and submit the following Agreed Entry upon the following terms and conditions:

1.  In order to resolve this dispute and without any admission of wrongdoing, the parties have agreed to entry of this Agreed Entry, enjoining and instructing DuBois as set forth herein. Accordingly, for good cause shown and by agreement of the parties, Miami University's Motion for Relief From Judgment ("Miami's Motion for Relief") (Doc. No. 17) is granted and this matter is returned to the active docket of this Court in order to enter this permanent injunction and judgment.

2.  For purposes of this Agreed Entry, the terms set forth below are defined as follows:

    a.  "Merchandise" shall mean all merchandise resold or distributed, or held for resale or distribution by DuBois, including but not be limited to: (i)

goods made of paper, including but not limited to posters, folders, notebooks, souvenir programs concerning sporting events, magazines on the subject of sporting events, books on the subject of sporting events, stationery, and photographs, both mounted and unmounted; (ii) mugs and beverage glassware; (iii) clothing, including but not limited to, T-shirts, sweatshirts, sweat pants, sport shirts, golf shirts, polo shirts, sweaters, belts, ties, nightshirts, parkas, coats, caps, hats, head bands, wrist bands, pants, socks, jerseys, jackets, shorts, warm-up suits, scarves, bibs, aprons, and foot wear; (iv) card games, board games, and Christmas tree decorations; and (v) umbrellas and bags, including but not limited to school, athletic, book and tote bags.

b. "Promotional Items" shall mean all promotional materials, signs, posters, displays, bags, gifts, non-sale merchandise or other objects or things other than Merchandise.

c. "Miami University Trademarks" shall include: (i) a federal trademark Serial Number 75,380,235, in the word mark "Miami University Redhawks"; (ii) valid state-registered trademarks and service marks, including, but not limited to, the marks "Miami University Redhawks" Registration Number SM99414, "Miami University" Registration Number SM4168, and the Miami University seal, "Sigillum Universitatis Miamiensis" Registration Number SM6236; (iii) trademarks or service marks registered by Miami University under federal or state law currently or in the future; (iv) unregistered and common law trademarks and service marks (including slogans and trade dress) in use by the University which

    are recognized by the public as a source of origin with, endorsement by, or association with Miami University; (v) trademarks and service marks which Miami University is licensed or otherwise authorized to use; or (vi) any mark confusingly similar to trademarks or service marks included in subsections (i) through (v).

  d. A "Valid Licensing Arrangement" shall mean a written agreement executed by Miami University or its licensing agent and a third party permitting such third party to manufacture, sell or distribute specific merchandise bearing Miami University Trademarks.

  e. "Fair Use" shall mean any lawful conduct pursuant to 15 U.S.C. § 1115(b)(4).

  f. "Legal Expenses" shall mean all attorney fees, court costs and other costs incurred as a result of this lawsuit.

3. DuBois shall cease and desist, and is hereby permanently enjoined from the sale, use or distribution of all Merchandise that bears Miami University Trademarks unless DuBois acquires such Merchandise from vendors who have the right to sell or distribute such Merchandise pursuant to the terms and conditions of a Valid Licensing Arrangement.

4. DuBois shall cease and desist, and is hereby permanently enjoined from, the sale, use or distribution of all Promotional Items that bear Miami University Trademarks unless DuBois acquires such Promotional Items from vendors who have the right to sell or distribute such Promotional Items pursuant to the terms and conditions of a Valid Licensing Arrangement.

5. DuBois shall cease and desist, and is hereby permanently enjoined from, all use of Miami University Trademarks in DuBois' advertisements or other marketing or promotional

activities; provided, however, nothing contained herein shall prohibit DuBois from engaging in a Fair Use of Miami University Trademarks.

6. DuBois shall cease and desist, and is hereby permanently enjoined from, all use of Miami University Trademarks in connection with any website, domain name or meta tag; provided, however, nothing contained herein shall prohibit DuBois from a Fair Use of Miami University Trademarks so long as DuBois prominently disclaims any connection with or affiliation to Miami University.

7. By entering into this Agreed Entry, DuBois shall not be deemed to have admitted expressly or impliedly that DuBois has violated or diluted any protectable trademarks or other rights of Miami University.

8. By entering into this Agreed Entry, (i) DuBois shall not be deemed to have waived or released Miami University's current or former outside counsel from any and all claims, demands or causes of action related to reimbursement for attorney's fees, costs or expenses incurred in connection with the Action; and (ii) Miami University and its outside counsel shall not be deemed to have admitted expressly or impliedly that DuBois has any valid claim for attorney fees, expenses or costs incurred in connection with the Action and/or that any fees, costs and expenses incurred by DuBois were appropriate and reasonable. Provided, for good cause shown, the Court accepts the parties' agreement and hereby determines that neither Miami University nor its current or former counsel of record shall be required in this Action to pay DuBois an award of any or all of the Legal Expenses or other monies incurred by DuBois whether as a sanction or otherwise in connection with the matters at issue in this Action.

9. This Court shall have continuing jurisdiction over any legal proceeding involving enforcement of this Agreed Entry including jurisdiction pursuant to *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 380-381 (1994). The Court specifically notes

that it retains jurisdiction to consider and rule upon any motion to show cause why any party should not be held in contempt for any violation of this Agreed Entry.

10. Subject to Paragraph 8 above, each party shall bear their own costs.

**IT IS SO ORDERED.**

_____
Judge Susan J. Dlott

{00162491.DOC/2}                 5

**JIM PETRO (0022096)**
**ATTORNEY GENERAL OF OHIO**

_____
James A. Dyer, Esq. (Trial Attorney)
(0006824)
Sebaly Shillito + Dyer
A Legal Professional Association
1900 Kettering Tower
Dayton, OH 45423
937/222-2500
937/222-6554 (fax)
jdyer@ssdlaw.com
*Special Counsel for Plaintiff The State of Ohio,
by and through Miami University*

_____
Patricia B. Hogan, Esq., (Trial Attorney)
(0042172)
Keating Muething & Klekamp, PLL
1400 Provident Tower
One East Fourth Street
Cincinnati, Ohio 45202
513/579-6400
513/579-6457 (fax)
*Counsel for Defendant J.H. DuBois Book
Store, Inc., incorrectly named as DuBois Book
Store, Inc.*